IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FRED ERBY,

    Plaintiff,

vs.                                No. 12-2439-JDT-tmp

SHERIFF OLDHAM, et al.,

    Defendants.

ORDER DENYING MOTION TO CEASE COLLECTION OF FEES
(DOCKET ENTRY 4)
ORDER DENYING MOTION TO AMEND COMPLAINT
(DOCKET ENTRY 5)
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

        On June 7, 2012, Plaintiff Fred Erby, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entry ("D.E.") 1, D.E. 2.) The Court issued an order on June 8, 2012, that granted leave to proceed in forma pauperis and assessed the civil filing fee. (D.E. 3.) The Clerk shall record the defendants as Sheriff Oldham, Federal Bureau of Prisons, and Federal Medical Center at Springfield, Missouri.

        Under the Prison Litigation Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). Plaintiff has filed a motion requesting that the Court cease the collection of the filing fee. (D.E. 4.) Plaintiff Erby was previously found incompetent to stand trial and was indefinitely civilly committed for mental health care and treatment in the Western District

of Missouri. The United States Court of Appeals for the Eighth Circuit ruled that the provisions of the PLRA do not apply to civilly committed detainees. See Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003).

Unfortunately for Plaintiff Erby, he was released from civil commitment. He is currently a pre-trial detainee awaiting trial on criminal charges in Shelby County, Tennessee. The provisions of the PLRA are applicable to the present lawsuit and Erby must pay the filing fee. The motion to cease collection (D.E. 4) is DENIED.

On August 21, 2012, Plaintiff filed a motion for leave to file an amended complaint. (D.E. 5.) The United States Court of Appeals for the Sixth Circuit has issued an administrative order which states:

> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. **The screening must occur even before process is served or the individual has an opportunity to amend the complaint**. The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(articulating how district courts should apply the PLRA). Plaintiff's motion to amend his complaint (D.E. 5) is DENIED.

Plaintiff Erby alleges that his right to a speedy trial is being violated. (D.E. 1 at 3.) He alleges that he is being maliciously prosecuted. (Id.) Plaintiff alleges that Defendants are denying him due process without a logical factual explanation of their involvement in his pending prosecution or any delays in the prosecution.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal,129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in

> prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Plaintiff cannot sue the Federal Bureau of Prisons and the Federal Medical Center at Springfield, Illinois, under 42 U.S.C. § 1983, which provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Because of the state action requirement, the federal government and its officials are not subject to suit under 42 U.S.C. § 1983. Ana Leon T. v. Fed. Reserve Bank, 823 F.2d 928, 931 (6th Cir. 1987). Because Defendants act under color of federal law, they cannot be sued under 1983.

Section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). A failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the official least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Hays v. Jefferson Co., Ky, 668 F.2d 869, 874 (6th Cir. 1982). It is clear that Plaintiff sues Defendants Oldham because of his supervisory capacity at the Jail where Plaintiff is imprisoned.

Additionally, Plaintiff has no claim against Defendant Oldham under § 1983 arising from his current confinement. For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks . . . immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985)(quoting Preiser v. Rodriguez, 411 U.S. 474, 500 (1973)). Erby seeks relief that is only available through a habeas petition, not under section 1983.[1]

Any claims arising from Plaintiff's pending prosecution are barred by Heck v. Humphrey:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). See also Schilling v. White, 58 F.3d 1081, 1086 (1995)(footnotes omitted). A prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until

---

[1] Although Plaintiff could challenge the delay in his release in a petition pursuant to 28 U.S.C. § 2254, this Court declines to construe this action as a § 2254 petition. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See 28 U.S.C. § 2254(b)(1); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. There is no indication Plaintiff has exhausted his state remedies. In particular, prisoners who are dissatisfied with a decision of the Tennessee Board of Probation and Parole may obtain judicial review through a petition for common-law writ of certiorari filed in the Davidson County Chancery Court. Beaucamp v. Tennessee Bd. of Paroles, 2001 WL 1545504, at *1 (Tenn. Ct. App. Dec. 5, 2001).

any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086. Cf. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint).

Here, Heck applies to bar Plaintiff's claims arising from his pending criminal prosecution. Plaintiff has not yet been to trial. Any claims will accrue if he is found not guilty. If Plaintiff is found guilty, he must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.

The Court expressly declines to address the complaint as a habeas petition because Erby cannot demonstrate that he has exhausted his state remedies or seeks to overturn a conviction. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser, 411 U.S. at 477, 489-90. Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous.

7

Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal[2] of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

---

[2] Plaintiff also filed Erby v. Oldham, et al., No. 10-2909-JDT-cgc (W.D. Tenn. Sept. 2, 2011), a § 1983 complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                      JAMES D. TODD
                                      UNITED STATES DISTRICT JUDGE